Ruiz, Demandante y Apelado, v. Rodríguez, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Segundo Distrito, en pleito sobre disolución de contrato y daños y perjuicios.

No. 2996.—Resuelto en marzo 26, 1924.

Compraventa—Entrega de la Cosa Vendida—Tradición. — Para que el mero otorgamiento de la escritura a que se refiere el artículo 1365 del Código Civil equivalga a la entrega de la cosa vendida, es requisito indispensable que el vendedor tenga la posesión real de la misma.

Id.—Rescisión de la Venta—Causa de Acción—*Estoppel.*—El hecho de que el comprador de la cosa hubiera instado un pleito del cual desistió, para reivindicarla de quien la poseía al tiempo de la venta, no le impide demandar al vendedor pidiendo la rescisión del contrato, cuando el vendedor no sólo no tenía la posesión al vender, sino que ocultó al comprador la pugna que mantuvo siempre con el actual poseedor por la posesión de la finca objeto de la venta.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Martínez Dávila.*

Abogado del apelado: *Sr. A. R. de Jesús.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Francisco Ruiz de Porras compró a Eugenio Rodríguez Suárez un predio de diez cuerdas, formalizándose el contrato mediante documento público, otorgado ante notario.

El comprador entregó el precio al vendedor e inscribió su título en el registro de la propiedad, pero alega el comprador, demandante en este caso, que pocos días después de realizado el contrato de compraventa, fue a tomar posesión de la finca y no pudo hacerlo por haberlo impedido la corporación "The Star Fruit Co. of Porto Rico," quien se hallaba en posesión de la finca, usufructuándola y ejerciendo sobre la misma actos de dominio, teniéndola cercada y fijado carteles en inglés y español que prohibían la entrada a la propiedad.

Alegó además el demandante que si bien inició un pleito contra la anterior corporación para reivindicar la finca en

cuestión, desistió de la continuación del mismo porque el demandado nunca estuvo en posesión de dicha finca y no deseando correr los riesgos de un pleito, máxime cuando la finca no podía ser identificada, a cuyo pleito no estaba obligado, dicho demandante optó por acudir a esta demanda para que se resuelva el contrato celebrado con el demandado por no haber entregado éste la finca comprada.

La contestación, en síntesis, del demandado es como sigue: "que el contrato estaba perfectamente consumado, toda vez que el demandante había inscrito su título en el registro de la propiedad y había ido con el demandado a ver la finca y a tomar posesión de ella;" y que cuando él vendió dicha finca al demandante, se encontraba en la posesión quieta y pacífica de la misma, en la que también tenía una parte con siembras de cañas.

El caso fué visto en sus méritos, y la corte inferior dictó sentencia favorable al demandante, por lo que el demandado ha interpuesto esta apelación.

El apelante en términos generales sostiene que la corte inferior cometió error al declarar resuelto el contrato de compraventa celebrado entre demandante y demandado. No se hace un señalamiento específico de errores. Sin embargo, el apelante al discutir su proposición plantea las dos cuestiones siguientes: (*a*) que hubo entrega de la cosa vendida porque la venta se hizo por escritura pública; y (*b*) porque el demandante está impedido de alegar la resolución del contrato por el solo hecho de haber tratado de reivindicar la finca en cuestión de la persona que estaba en posesión de la finca al verificarse la venta.

El apelante funda la priméra cuestión en el artículo 1365 del Código Civil, que dice:

"Se entenderá entregada la cosa vendida cuando se ponga en poder y posesión del comprador.

"Cuando se haga la venta mediante escritura pública, el otorgamiento de ésta equivaldrá a la entrega de la cosa objeto del

contrato, si de la misma escritura no resultare o se dedujere clara-
mente lo contrario.''

Este artículo si bien responde a una ficción legal tiene
por base la verdad real, o sea: la preexistencia de la po-
sesión quieta y pacífica en el vendedor de la cosa objeto del
contrato.   Basta el otorgamiento de la escritura como equi-
valente de la tradición, pero es solamente una representa-
ción mental que sustituye los signos para dar realidad a la
entrega de la cosa;  de este modo se hace innecesario el
''ponimiento de pies'' de nuestras antiguas leyes o la en-
trega de llaves etc.   Como consecuencia, no se cumple sim-
plemente el texto de la ley, si la fórmula simbólica del otor-
gamiento de la escritura no responde al hecho positivo de
que el vendedor posee real y efectivamente la finca que
vende.   De ahí la máxima de que ''donde existe la verdad,
no puede existir la ficción legal.''

Conforme a estas ideas, Manresa al comentar el artículo
1462 del Código Civil Español, equivalente al 1365, *supra,*
dice:

''La doctrina de esta sentencia se enlaza con otra más general,
que tiene una gran importancia en la materia de la tradición.   Para
que el vendedor pueda transmitir por medio de la escritura o de
cualquier otro signo, es preciso que él posea o tenga en su poder
lo que transmite.

''Esta doctrina se contenía ya en la sentencia del Tribunal Su-
premo de 12 de abril de 1890 que aplicaba lo dispuesto en la Ley
8, Título 30, Partida 3, substancialmente conforme con los precep-
tos del código sobre la materia.   Alcubilla explica así el contenido
de dicha sentencia.

''La sentencia de 12 de abril de 1890, dice el citado autor,
declaró en síntesis que, formalizada una compraventa por escritura
pública, y entregado el precio, si el vendedor no puede poner en
la quieta y pacífica posesión de la finca a los compradores por ha-
llarse en posesión de ella un tercero y en duda sus derechos domi-
nicales, asiste a aquéllos el de reclamar la rescisión del contrato
con la devolución de lo entregado y la indemnización de daños y
perjuicios, pues la tradición simbólica, como todas las ficciones le-

galés de igual índole, también responden a la virtualidad del derecho que se atribuye al que la realiza, por cuya razón, cuando es notorio que el vendedor no estaba en posesión de la cosa que representaba la escritura de venta que entregó a los compradores, lo es también que no se infringe dicha Ley de Partida al estimar que el vendedor, en tal caso, no ha cumplido la obligación de entregar la cosa vendida.

"Esta doctrina racional se repite en las sentencias de 3 de junio de 1899, 23 de octubre y 10 de noviembre de 1903 y 29 de mayo de 1906. La tradición fingida supone la tradición real en el transmitente. El otorgamiento de la escritura sólo puede significar tradición, cuando el vendedor posee real y efectivamente la finca que vende. Si posee un tercero, el comprador, cuya compra no puede decirse consumada, no puede entablar el desahucio contra él." 10 Manresa, Comentarios al Código Civil Español, páginas 133 y 134.

La segunda cuestión relativa a la acción reivindicatoria que había interpuesto el demandante contra el tercero ocupante de la finca, no es una defensa que puede utilizar el demandado. Esta tentativa del demandante no era perjudicial al demandado y más bien le era beneficiosa, ya que el demandante hacía una cosa a la que no estaba obligado, evitando posiblemente la acción que se le entabla por el presente pleito. El demandante con naturalidad explica su propósito. El creyó que una vez emplazado el tercero ocupante de la finca, en reivindicación de la misma, éste se allanaría a la demanda; pero el tercero resistió firmemente a la actuación del demandante, quien entonces juzgó prudente no seguir asumiendo los riesgos de un pleito en el que claramente se había dado cuenta de la imposibilidad de identificar la finca. Además, el hecho mismo de iniciar la acción reivindicatoria implicaba necesariamente que la posesión de la supuesta finca estaba en poder del tercero.

Nada en su consecuencia se encuentra que pudiera justificar la llamada defensa *estoppel* que alega el apelante. Ella tenía que descansar en la buena fe del que la opone y en qué los actos verificados por el que los realiza, le eran

perjudiciales y dañosos. Pero ni una cosa ni otra ocurren en este caso. La prueba demuestra que el demandado ocultó al demandante la pugna que mantuvo siempre con The Star Fruit Co. por la posesión de la finca, sin que aparezca que aquél en ningún tiempo había conseguido la posesión real y efectiva de la finca objeto de este pleito. De manera que el impedimento que alega el apelante como defensa, no podría, como remedio de equidad, servir de ayuda para encubrir un fraude.

Por todo lo expuesto, debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.